BELLE C. MURCH

v.

THE J. O. SMITH MANUFACTURING COMPANY.

1. The liability of a tenant for life to keep down the taxes is limited to the rental value of the premises, but the rents for the whole term of his estate are answerable for the payment of taxes accruing during said term.

2. A purchaser, at a sale under a judgment, of the estate for life, takes it *cum onere*, and must devote the rents to the payment of taxes due from said estate before the purchase, as well as those imposed subsequent thereto.

3. A tenant for life is bound to make such repairs as will preserve the property from decay. If he neglects or refuses to keep down the taxes, or make repairs which he is legally bound to do, a receiver will be appointed to collect the rents sufficient in amount to discharge the liabilities of the tenant's estate for which they are answerable.

13

On bill, answer and proofs.

*Mr. Gilbert Collins*, for the complainant.

*Mr. Robert L. Lawrence*, for the defendant.

GREEN, V. C.

Mrs. Belle R. Murch, who was seized in fee of a house and lot in Jersey City, died March 20th, 1879, leaving her surviving her husband, John F. Murch, and one child, Belle C. Murch, the complainant.

After Mrs. Murch's death the husband continued in possession of the property, as tenant by the curtesy, until August 11th, 1887, when his right, title and interest therein was sold under a judgment, by the sheriff of Hudson county, to the defendant corporation, which has since been in possession and in receipt of the rents thereof.

John H. Murch, during his occupancy as tenant by the curtesy, neglected to pay the taxes on the property for the years 1884, 1885 and 1886, and the same, amounting in the aggregate to $123.76, with interest and penalties for non-payment, are still in arrears. The taxes for 1887 were paid by the defendant corporation ; those for 1888, amounting to $42.72, besides interest and penalties, are unpaid, but the defendant, in its answer, admits its liability to pay the same.

The bill further alleges, that the house has also been permitted to get out of repair, and prays that the defendant be required to pay the outstanding taxes, and put the property in good repair by a certain day, or in default that a receiver be appointed to receive the rents, until such time as the receipts therefrom will be sufficient to pay the said taxes and make the necessary repairs.

The rental value of the premises is, and since a time prior to the imposition of the taxes for 1884 has continuously been, at least the sum of $264 per year.

The defendant denies its liability for the taxes in arrear at the time of its purchase, and denies that the property has been allowed by it to get out of repair.

Murch *v.* Smith Manuf. Co.

Taxes on real estate and interest accruing on an encumbrance thereon stand on the same footing, and must be paid by the life tenant. *Holcombe* v. *Holcombe, 12 C. E. Gr. 473; S. C., 2 Stew. Eq. 597; Pratt* v. *Douglas, 11 Stew. Eq. 516; Thomas* v. *Thomas, 2 C. E. Gr. 356.*

The liability, as a rule, is limited to the income received, or the rental value of the property in case it is occupied by the life tenant. *4 Kent Com. 75; Lord Kensington* v. *Bouverie, 7 De G., M. & G. 134; S. C., 7 H. L. Cas. 557.*

The tenant for life is bound to keep down these charges, not only as the profits come into his possession from year to year, but the whole profits during the estate for life are applicable to the discharge of the liability. *Caulfield* v. *Maguire, 2 Jones & LaT. 141.*

If Mr. Murch had continued in possession as tenant by the curtesy, the rents of the property at any time during such possession would have been liable not only for the current, but also for taxes falling in arrear during his tenancy; and in the event of his neglect or refusal to so apply them, a receiver would have been appointed to take such income and apply it to the discharge of the indebtedness. *Cairns* v. *Chabert, 3 Edw. Ch. 312.*

It is claimed by the defendant, that it is only liable for its own default, and cannot be held responsible for the tax which a former occupant failed to keep down. Some difference of opinion has existed whether the tenant of a subsequent life estate is liable for the default of a former. The rule laid down in *Penrhyn* v. *Hughes, 5 Ves. 99,* that the rents and profits are to be applied to the discharge of the arrears of interest accrued during a former, as well as during an existing tenancy for life, and remaining unpaid, was criticized and not followed by Sir W. Page Wood in *Sharshaw* v. *Gibbs, Kay 333,* and by Lord St. Leonards in *Caulfield* v. *Maguire, 2 Jones & LaT. 141.*

The question, however, arose in cases of successive estates for life. In this case there is but one estate, though two are successively enjoying it. The only right of the defendant corporation in this property is as purchaser of the life estate of Murch under a judgment. It stands in his shoes, takes only the interest

which he had, and with it its liabilities. *Polhemus* v. *Empson,*. *12 C. E. Gr. 190; Osterman* v. *Baldwin, 6 Wall. 116; Moyer* v. *Hinman, 13 N. Y. 180.* The life estate of John H. Murch, when purchased by defendant, was liable to the extent of its rental value for the taxes in arrear; the income has been sufficient to keep down the taxes and pay those in arrear; the defendant, as purchaser, took the estate *cum onere,* and must apply a sufficient amount of the rents to the discharge of said tax liens.

The life tenant is bound to keep the premises in as good repair as they were when the life tenancy began; he is bound to make those rendered necessary by actual wear and tear; to renew the roof and repaint when required to prevent decay. *Kearney* v. *Kearney, 2 C. E. Gr. 59; S. C., on appeal, 2 C. E. Gr. 504; In re Steele, 4 C. E. Gr. 120; In re Heaton, 6 C. E. Gr. 223.*

The testimony does not satisfactorily prove that the defendant has not fully discharged its obligation as to repairs, with the exception of the condition of the painting. The evidence of Mr. Crawford is, that the bare wood shows through in some places,. and Mr. Van Winkle, while he gives it as his opinion that the house is not suffering from want of paint, admits that on the east side you can see the bare wood here and there.

The house should not be left with the wood exposed to the weather, and this neglect should be remedied. I advise a decree in favor of the complainant covering the payment of the taxes,. and a sufficient repainting of the house to preserve it.